Henry C. Wang (SBN 196537)
Email: hwang@reedsmith.com
William R. Overend (SBN 180209)
Email: woverend@reedsmith.com
Michael A. Garabed (SBN 223511)
Email: mgarabed@reedsmith.com
Karen Wan (SBN 248542)
Email: kwan@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

*Attorneys for Plaintiff*
PINKBERRY, INC.

FILED
2008 SEP 10 PM 3: 21
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINKBERRY, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JTRA, LLC d/b/a YOBERRY, a Florida Limited Liability Company,<br><br>Defendant. | Case No. **CV08-05930 (CWx)** SVW<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT;**<br><br>2. **FEDERAL UNFAIR COMPETITION;**<br><br>3. **FEDERAL FALSE DESIGNATION OF ORIGIN;**<br><br>4. **STATE UNFAIR COMPETITION;**<br><br>5. **STATE INJURY TO BUSINESS REPUTATION; AND**<br><br>6. **UNJUST ENRICHMENT** |

Plaintiff Pinkberry, Inc. ("Pinkberry") for its Complaint against Defendant JTRA, LLC d/b/a Yoberry ("Yoberry"), alleges as follows:

## JURISDICTION AND VENUE

1. This is a complaint for injunctive relief and damages based on trademark infringement, unfair competition, and false designation of origin under 15 U.S.C. Section 1051 *et seq.*, as amended (hereinafter "Lanham Act"), as well as related state law claims.

2. This Court has subject matter jurisdiction over this action under the Lanham Act, 15 U.S.C. § 1121; 28 U.S.C. § 1338(a) (any act of Congress relating to patents, copyrights and trademarks); and the doctrines of ancillary and pendant jurisdiction.

3. This Court has personal jurisdiction over Yoberry because Yoberry purposefully availed itself of the privilege of conducting activities in California, thereby invoking the benefits and protections of its laws. Yoberry's website states that it is seeking to franchise nationally and soliciting applications from "interested franchisees" nationally, including in California. On information and belief, Yoberry's representatives also have met with at least one potential franchisee in Los Angeles, California.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district, and Yoberry was and is subject to personal jurisdiction in this district at the time the action was commenced.

## PARTIES

5. Pinkberry is, and at all times relevant hereto has been, a corporation organized and existing under the laws of the State of California, having a place of

– 2 –

business at 6310 San Vicente Boulevard, Suite 100, Los Angeles, California 90048. Pinkberry's primary line of business is the sale of frozen yogurt with optional toppings that include, among other things, fresh fruit, cereals and nuts, as well as smoothies and shaved ice (the "Pinkberry Products") under the distinctive Pinkberry branding. Pinkberry operates stores throughout Los Angeles and elsewhere within this district as well as in interstate commerce.

6. On information and belief, Yoberry is, and at all times relevant hereto has been, a limited liability company, having a place of business at 1 Seminole Way, Fort Lauderdale, Florida 33314. Yoberry's primary line of business is the sale of frozen yogurt with optional toppings that include, among other things, fresh fruit, cereals and nuts, as well as smoothies and shaved ice which deliberately imitates Pinkberry's highly distinctive branding.

## SUMMARY OVERVIEW OF COMPLAINT

7. Much the way that Apple Computers revolutionized the computer industry, raising the design standards and operating systems of the previously staid "beige box" computer market, Pinkberry has revolutionized the yogurt business by offering a product selection and consumer experience that are uniquely Pinkberry. Since its opening, Pinkberry has been featured in numerous national publications such as Time, Fortune, Los Angeles Times, New York Times, and Reuters, and has been the subject of countless internet blogs. *See*, true and correct copies of a sampling of articles discussing Pinkberry attached hereto as **Exhibit "A"** and incorporated by reference. These national publications have recognized the unique and highly distinctive look and feel of Pinkberry stores, noting, for example, that Pinkberry was responsible for "help[ing to] revive the sagging frozen yogurt industry"[1] and

---

[1] Hwang & Lee, *Simple by Design*, TIME MAGAZINE, March 12, 2008.

"develop[ing] a look that helped create a cult factor."[2] Among many of its other acclaims and accolades, *The Los Angeles Times* has called Pinkberry "a phenomenon, creating four-times-a-week addicts and spawning celebrity devotion, along with a chorus of imitators..."[3] More recently, *The Los Angeles Times* opinion section made the tongue-in-cheek suggestion that the Los Angeles Coliseum should be renamed "Pinkberry Coliseum."[4] Indeed, Pinkberry's popularity, success, and fame in the yogurt business are unparalleled. Pinkberry was even showcased in an American Express national television advertisement. *See* true and correct copies of the American Express television advertisement stills, attached hereto as **Exhibit "B"** and incorporated by reference.

8. Pinkberry's success has been noted by its competitors and would-be competitors, including Yoberry. On information and belief, Yoberry's branding is a deliberate imitation of the Pinkberry branding and was implemented to build market share and a customer base by exploiting Pinkberry's renowned trade name and trademarks and wrongfully trade upon Pinkberry's reputation and goodwill.

9. Yoberry has sought to profit from Pinkberry's success by using the YOBERRY trademarks (the "YOBERRY Marks") to market and sell products that are identical to the Pinkberry Products, thereby infringing upon Pinkberry's registered trademarks, service marks, and trade name (collectively, the "PINKBERRY Marks").

10. Yoberry's wrongful acts create a likelihood of confusion in the minds of consumers as to the sponsorship, endorsement, association, or approval of Yoberry's products by Pinkberry. Accordingly, Pinkberry has been and continues to be damaged by Yoberry's infringing activities, thereby necessitating this lawsuit.

---

[2] Boyle, *Starbucks Founder Bites Into Pinkberry*, FORTUNE, October 16, 2007.
[3] Menn, *Welcome Jolt for Pinkberry*, LOS ANGELES TIMES, October 16, 2007.
[4] Zirin, *The Pinkberry Coliseum*, LOS ANGELES TIMES, June 29, 2008

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Pinkberry's Creation and First Use of Its PINKBERRY Trademarks, Service Marks, and Trade Name**

11.     Commencing in or about January of 2005, Pinkberry created, developed and began marketing and selling the Pinkberry Products through its distinctive Pinkberry restaurants.

12.     Since approximately January of 2005, Pinkberry has been using and is currently using its PINKBERRY Marks in connection with the marketing and sale of the Pinkberry Products, restaurants and related products and services. Pinkberry owns all rights in and to the federal registrations for the following PINKBERRY Marks, each of which is valid and subsisting:

| TRADEMARK | REG. NO. | ISSUE DATE | GOODS AND SERVICES |
|---|---|---|---|
| PINKBERRY | 3,302,143 | October 2, 2007 | Frozen yogurt; frozen yogurt based dessert, combined with fruit, nuts, cereal and shaved ice and rice cakes; and smoothies |
| PINKBERRY | 3,460,697 | July 8, 2008 | Restaurant services; restaurants; take-out restaurant services, café-restaurants; fast-food restaurants |
| Stylized Leaf and Berry Swirl Design | 3,461,027 | July 8, 2008 | Express restaurant services, food kiosk services, and carry-out restaurant services featuring frozen yogurt-based desserts, frozen dairy desserts, smoothies and shaved ice |
| PINKBERRY & Stylized Leaf and Berry Swirl Design | 3,460,702 | July 8, 2008 | Restaurant services; restaurants; take-out restaurant services; café-restaurants; fast-food restaurants |

*See*, true and correct copies of those registrations attached hereto as **Exhibits "C"** through **"F"** and incorporated by reference.

– 5 –

13. Since Pinkberry opened its first restaurant in the United States in or about January of 2005, its Pinkberry Products, restaurants and services have prominently featured the PINKBERRY Marks to identify them and to identify Pinkberry as their source.

14. Pinkberry has expended substantial time, money, and effort in promoting its Pinkberry Products, restaurants and related products and services through the use of its PINKBERRY Marks and in enforcing its rights in its PINKBERRY Marks throughout the United States.

15. By virtue of Pinkberry's investments, the PINKBERRY Marks have become associated in the minds of consumers and in the minds of the general public with Pinkberry and have become assets of substantial value to Pinkberry and symbols of its quality products and valuable goodwill. As a result of its efforts and success, in less than three (3) years, Pinkberry has expanded from one location in West Hollywood, California to over 60 locations in the United States, with current plans to continue to expand nationally and to enter international markets.

16. Since January 2005, the Pinkberry Products, restaurants and services, as identified by the PINKBERRY Marks, have been widely used and recognized in the United States. *See e.g.* Hwang & Lee, *Simple by Design*, TIME MAGAZINE, March 12, 2008 (describing Pinkberry's successes) and other articles attached hereto as **Exhibit "A"** and incorporated by reference.

**B.   Yoberry's Unlawful Conduct**

17. On information and belief, since on or about January 18, 2008, Yoberry has sold the same products as the Pinkberry Products under the confusingly similar YOBERRY Marks and using Pinkberry's photographs. *See* true and correct copies of Yoberry's imitation of the PINKBERRY Mark and use of Pinkberry's photographs attached hereto as **Exhibit "G"** and incorporated by reference. *See also* true and correct copies of Pinkberry's photographs attached hereto as **Exhibit "H"** and

incorporated by reference.

18. Yoberry's use of the YOBERRY Marks in the promotion, advertising and sale of directly competitive frozen yogurt products and services constitutes the use in commerce of a colorable imitations, copies and reproductions of the PINKBERRY Marks, is deceptively and confusingly similar to Pinkberry's use of the PINKBERRY Marks for identical products and is likely to cause confusion, mistake, or deception in the minds of the public.

19. Pinkberry has not consented to, sponsored, endorsed, or approved Yoberry's use of the PINKBERRY Marks or Pinkberry's photographs in connection with any of Yoberry's products or services.

20. Yoberry's acts of improper use and promotion of the PINKBERRY Marks are likely to cause confusion or mistake in the minds of consumers as to the sponsorship, endorsement, association, or approval of Yoberry's products and services by Pinkberry. Likelihood of confusion is and will only be exacerbated by the fact that Yoberry's products and services are directly competitive with and/or highly related to Pinkberry's products and services. Yoberry's and Pinkberry's products are likely to be purchased by the same types of consumers, advertised and promoted in the same and/or similar advertising channels, and marketed and sold in similar retail establishments.

21. On information and belief, the foregoing actions of Yoberry have been knowing, deliberate, willful, and in utter disregard of Pinkberry's rights.

22. Yoberry's unlawful activity results in irreparable harm and injury to Pinkberry. Among other harms, it deprives Pinkberry of its absolute right to determine the manner in which its image is presented to the general public through its products and services; deceives the public as to the origin and sponsorship of such products and services; wrongfully trades upon, and cashes in on, Pinkberry's reputation and exclusive rights in its trademarks; and irreparably harms and injures Pinkberry's business reputation. As a direct and proximate result of Yoberry's

1  conduct set forth above, Pinkberry has been injured and damaged in an amount to be
2  proven.
3      23.    Yoberry's conduct is continuing, and will continue, unless enjoined by
4  the Court.
5      24.    Unless Yoberry is enjoined from engaging in the infringing conduct
6  described above, Pinkberry will suffer irreparable injury and further damage. Thus, it
7  would be difficult to ascertain the amount of compensation which could afford
8  Pinkberry adequate relief for the acts of Yoberry present and threatened, and
9  Pinkberry's remedy at law is not adequate to compensate for said harm and damage.

## FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. § 1114 [LANHAM ACT § 32]

14      25.    Pinkberry repeats paragraphs 1 through 24, above, and incorporates the allegations thereof as if herein set forth in their entirety.

16      26.    Pinkberry has used its PINKBERRY Marks in connection with, and to identify the source of the Pinkberry Products and to distinguish those products from similar products offered by other companies, by, and without limitation, prominently displaying the PINKBERRY Marks on Pinkberry's storefronts, employees' uniforms, cups, to-go containers and bags, and advertising and promotional materials distributed throughout the United States, including, without limitation, on its website: www.pinkberry.com.

23      27.    Yoberry's use of the YOBERRY Marks in connection with advertising, promotion and sale of directly competitive products and services infringes Pinkberry's registered PINKBERRY Marks and is likely to cause confusion, mistake, or deception of the public as to the identity, source and/or sponsorship of Yoberry's products and services.

28      28.    Yoberry's use of the YOBERRY Marks has been made notwithstanding

Pinkberry's well-known and prior-established rights in the PINKBERRY Marks and with both actual and constructive notice of Pinkberry's federal trademark registrations and rights under 15 U.S.C. § 1072.

29.     On information and belief, Yoberry has intentionally adopted and continued to use the YOBERRY Marks with the intent of causing confusion, mistake, or deception of the public as to the identity and source of Yoberry's products and services.

30.     The above acts by Yoberry constitute trademark infringement. By reason of the foregoing, Yoberry has violated and will continue to violate § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unless enjoined by the Court.

31.     Yoberry's infringing activities have caused, and unless enjoined by this Court, will continue to cause substantial, immediate, and irreparable injury and other damage to Pinkberry's business, reputation and goodwill.

32.     Pinkberry has no adequate remedy at law unless Yoberry's infringing conduct is enjoined by this Court.

## SECOND CLAIM FOR RELIEF
## UNFAIR COMPETITION
## UNDER 15 U.S.C. § 1125(a) [LANHAM ACT § 43(a)]

33.     Pinkberry repeats paragraphs 1 through 32, above, and incorporates the allegations thereof as if herein set forth in their entirety.

34.     Yoberry's improper use of the YOBERRY Marks in connection with the advertising, promotion and sale of directly competitive products and services constitutes unfair competition under 15 U.S.C. § 1125(a).

35.     Yoberry's use of the YOBERRY Marks is likely to cause confusion, mistake, or deception among consumers as to whether Yoberry is affiliated, connected or associated with Pinkberry, and as to whether Pinkberry is the source of Yoberry's products and commercial activities or has sponsored or approved them.

36. Yoberry's unfair competition has caused and will continue to cause irreparable injury and other damage to Pinkberry's business, reputation and goodwill in its PINKBERRY Marks for which Pinkberry has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN
## UNDER 15 U.S.C. § 1125(a) [LANHAM ACT § 43(a)]

37. Pinkberry repeats paragraphs 1 through 36, above, and incorporates the allegations thereof as if herein set forth in their entirety.

38. Yoberry's YOBERRY Marks are such colorable imitations and copies of the PINKBERRY Marks that Yoberry's use thereof in connection with directly competitive products and services is likely to cause confusion, mistake, or deception as to whether Yoberry is affiliated, connected, or associated with Pinkberry, and as to whether Pinkberry is the source of Yoberry's products, services, or commercial activities or has sponsored or approved them.

39. Yoberry's use of the YOBERRY Marks is a false designation of the origin of Yoberry's products, services or commercial activities and/or a false or misleading representation concerning such products, services or commercial activities under 15 U.S.C. § 1125(a).

40. As a direct and proximate result of the violations identified herein, Pinkberry has been injured in its business and property. Pinkberry has suffered damages in excess of the jurisdictional minimum of this Court in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
## UNFAIR COMPETITION
## UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE
## § 17200 *et seq.*

41. Pinkberry repeats paragraphs 1 through 40, above, and incorporates the allegations thereof as if herein set forth in their entirety.

42. Yoberry's use of YOBERRY Marks and its use of Pinkberry's photographs, in connection with the advertising, promotion and sale of Yoberry's products in direct competition with the Pinkberry Products constitute unfair competition.

43. Pursuant to California Business and Professions Code § 17203, Pinkberry is entitled to preliminary and permanent injunctive relief ordering Yoberry to cease this unfair competition, as well as disgorgement of all of Yoberry's profits associated with this unfair competition.

## FIFTH CLAIM FOR RELIEF
## INJURY TO BUSINESS REPUTATION
## CALIFORNIA COMMON LAW

44. Pinkberry repeats paragraphs 1 through 43, above, and incorporates the allegations thereof as if herein set forth in their entirety.

45. Yoberry's use of the YOBERRY Marks injures and creates likelihood of injury to Pinkberry's business reputation because persons encountering Yoberry's products and services will be misled into believing that Pinkberry is affiliated with or related to Yoberry, and any adverse reaction by the public to Yoberry, the quality of Yoberry's products, or the nature of its business will injure the business reputation of Pinkberry and the goodwill that Pinkberry has enjoyed and enjoys in connection with its PINKBERRY Marks.

## SIXTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT

46. Pinkberry repeats paragraphs 1 through 45 above, and incorporates by reference the allegations thereof as if herein set forth in their entirety.

47. As a result of the conduct of Yoberry, Yoberry has been unjustly enriched at the expense of Pinkberry and the law thereby implies a contract by which Yoberry must pay to Pinkberry the amount by which, in equity and good conscience, Yoberry has been unjustly enriched at Pinkberry's expense.

**WHEREFORE**, Pinkberry seeks judgment against Yoberry as follows:

1. That Yoberry and its agents, officers, servants, employees, representatives, licensees, franchisees, successors, assigns, attorneys and all other persons who are acting in concert or participation with any of them, and each of them, be preliminarily and permanently enjoined from any further use of the YOBERRY Marks or any other trademark, trade name or other designation that is confusingly similar to the PINKBERRY Marks;

2. That Yoberry and its agents, officers, servants, employees, representatives, licensees, franchisees, successors, assigns, attorneys and all other persons who are acting in concert or participation with any of them, and each of them, be preliminarily and permanently enjoined from any further acts of unfair competition against Pinkberry;

3. That Yoberry be required to file with the Court and serve on Pinkberry within thirty (30) days after entry of the injunction, a declaration under oath setting forth in detail the manner and form in which Yoberry has complied with the injunctions;

4. That, pursuant to 15 U.S.C. § 1117, Yoberry be held liable for all damages suffered by Pinkberry resulting from the acts alleged herein;

5. That Pinkberry receive an award in the amount by which Yoberry has been unjustly enriched;

6. That, pursuant to 15 U.S.C. § 1117, Yoberry be compelled to account to Pinkberry for any and all profits derived by Yoberry from its illegal acts complained of herein;

7. That, pursuant to California Business and Professions Code § 17203, Yoberry be compelled to pay restitution and disgorge its ill-gotten gains;

8. That Yoberry be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisement, menus, banners, or the like in possession or custody, or under the control of either Yoberry bearing any of the YOBERRY Marks; and

9. That the Court declare this action to be an exceptional case and award Pinkberry its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

10. That the Court grant Pinkberry any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 and/or under state law; and

11. For such other and further relief that the Court deems just and proper.

DATED: September 10, 2008

REED SMITH LLP

By: _____
Henry C. Wang
*Attorneys for Plaintiff*
PINKBERRY, INC.

DOCSLA-15650178

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
PINKBERRY, INC., a California corportaion

**DEFENDANTS**
JTRA, LLC d/b/a YOBERRY, a Florida Limited Liability Company

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Los Angeles, California

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): Fort Lauderdale, Florida

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Henry C. Wang (SBN 196537)
William R. Overend (SBN 180209)
Michael A. Garabed (SBN 223511)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ >$75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Trademark Infringement (15 U.S.C. 1114); Federal Unfair Competition (15 U.S.C. 1125(a)); Federal False Designation of Origin (15 U.S.C. 1125(a)); State Unfair Competition (Cal. Bus. & Prof 17200); State Injury to Business Reputation; and Unjust Enrichment

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litig. |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | | | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determina- tion Under Equal Access to Justice | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: CV08-05930

CV-71 (07/05)    CIVIL COVER SHEET    Page 1 of 2
CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case?   [x] No   [ ] Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

[ ] Check here if the U.S. government, its agencies or employees is a named plaintiff.

Los Angeles

List the California County, or State if other than California, in which **EACH** named defendant resides.   (Use an additional sheet if necessary).

[ ] Check here if the U.S. government, its agencies or employees is a named defendant.

Florida

**List the California County**, or State if other than California, in which **EACH** claim arose.   (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

Los Angeles

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Henry C. Wang_   Date September 10, 2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

### CV08- 5930 SVW (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY